# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROMAN DEONN-HELLEMS,[1] ) | |
| *also known as* ) | |
| ROMAN DEONN HELLEMS TRUST, ) | |
| *also known as* ) | |
| ROMAN HELLEMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 19-cv-000439−NJR |
| ) | |
| USA, ) | |
| UNITED STATES DEPT. OF JUSTICE, ) | |
| CITY OF GREENVILLE, IL, ) | |
| and JOHN DOE 1-6, ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Roman Hellems, an inmate in the custody of the Federal Bureau of Prisons ("BOP") currently incarcerated in the Federal Correctional Institution in Greenville, Illinois ("FCI-Greenville"), filed a self-styled "Petition for Writ of Habeas Corpus Pursuant to Both 28 U.S.C. Section 2241 and the Mandamus Act 28 U.S.C. Section 1361 (1962)." (Doc. 1). The title of the Petition suggests that Hellems is pursuing habeas relief under Section 2241 and mandamus relief under Section 1361. Hellems recently clarified that he only seeks relief under Section 2241.[2]

---

[1] Hellems did not list his inmate locator number, and a review of public records reveals two inmates in BOP custody who share the same name: Roman Deonn Hellems, #15580-030 (43 years old) and Roman Deonn Hellems, #18294-030 (24 years old). Only one of these individuals is housed at FCI-Greenville and the subject of this Petition: Roman Deonn Hellems, #15580-030. *See* https://www.bop.gov/inmateloc/. *See Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).

[2] At the time of filing the Petition, Hellems paid the $5.00 filing fee due in a habeas action. A habeas case was opened, and the Court ordered Hellems to clarify whether he intended to pursue habeas relief, mandamus relief, or both by June 12, 2019. He was also ordered to prepay the $400.00 filing fee for a

1

The Section 2241 Petition is now before the Court for preliminary review. Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases. For the reasons set forth below, the Section 2241 Petition shall be dismissed.

**Background**

Hellems filed this Section 2241 Petition on April 22, 2019. (Doc. 1, pp. 1-24). It is organized into twenty-four separate "facts." These "facts" consist of challenges to his conviction and sentence, complaints about the conditions of his confinement, claims of interference with his access to the courts, requests for various documents, and prayers for declaratory and injunctive relief. Conspicuously absent from the Section 2241 Petition is a request for release from confinement. (*Id*.).

Generously construed, Hellems brings a challenge to his conviction and sentence in *United States v. Hellems*, No. 4:15-cr-00141-JAJ (S.D. Iowa). On May 3, 2017, Hellems was convicted of being a felon in possession of a firearm and sentenced to 120 months of incarceration. *See id*. His appeal was rejected on August 4, 2017. *United States v. Hellems*, 866 F.3d 856 (8th Cir. 2017). His Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 also was denied on February 14, 2019. *Hellems, v. United States*, No. 4:18-cv-0294-JAJ (S.D. Iowa).

---

mandamus action or seek leave to proceed without prepaying this fee. (Doc. 4). Hellems responded by stating that he did "NOT [file] any Petition for Writ of Mandamus, which [he said] is blatantly obvious." (Doc. 5, p. 1). To date, he has not paid the $400.00 filing fee for a mandamus action or filed a motion seeking leave to proceed without prepaying the fee. The Petition will therefore be treated as a Section 2241 Petition.

But instead of setting forth the reasons he may be entitled to habeas relief, Hellems complains about various conditions of his confinement. (Doc. 1, pp. 1-24). He describes a humiliating strip search, confiscation of his personal property, loss of commissary privileges, interference with his legal mail, and denial of his access to the courts, among other things. (*See* Facts ##1-19). He requests relief related to these conditions, including declaratory and injunctive relief, targeting the interference with his mail, his ongoing requests for access to documents, and his attempt to settle various disputes with prison officials. (*See* Facts ##20-25).

## Discussion

A.  **Section 2241 Petition**

The Section 2241 Petition does not survive preliminary review for numerous reasons, the most significant of which are discussed below.

Hellems filed this habeas action on behalf of himself and several co-petitioners. But he cannot bring a petition for habeas relief on behalf of other petitioners. This includes Sacorey Lennel Clark, who is listed among the petitioners involved in this matter. Clark did not sign the Section 2241 Petition and has not participated in this action; this individual filed a separate action in this District on the same date as Hellems. *See Clark v. United States, et al.*, No. 19-cv-00440-NJR (S.D. Ill. Apr. 22, 2019). Hellems cannot sign or file unsigned papers on behalf of another litigant. *See* FED. R. CIV. P. 11; *Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 831 (7th Cir. 1986) (non-attorney cannot file or sign papers for another litigant). Hellems also named one or more trusts as co-petitioners. (*See* Doc. 1, p. 1; Doc. 5, p. 2) (clarifying that trusts were intended to be co-petitioners). But the writ of habeas corpus extends to a "prisoner" and only under limited circumstances. *See* 28 U.S.C. § 2241 (describing those few circumstances when the writ of habeas corpus extends to a "prisoner"). A trust is not a "prisoner" under Section 2241.

Hellems also did not name the proper respondent. *See* 28 U.S.C. §§ 2242, 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained."). This is generally the person who has the ability to produce the petitioner to the habeas court—typically the warden of the facility where the petitioner is detained. *Rumsfeld v. Padilla*, 542 U.S. 426 (2004). Hellems does not name the warden of FCI-Greenville among the respondents. He instead lists the United States, the United States Department of Justice, the City of Greenville, and six unknown individuals as respondents.[3]

Moreover, Section 2241 entitles him to no relief. A federally convicted person generally challenges his conviction and sentence by bringing a motion pursuant to Section 2255 in the court that sentenced him, and this is usually the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). Section 2255 limits a prisoner to *one* challenge of his conviction and sentence. Hellems has already pursued relief unsuccessfully under Section 2255.

He may not file a "second or successive" motion unless a panel of the appropriate court of appeals certifies that such motion contains either: (1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense;" or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Under limited circumstances, a prisoner may challenge his federal conviction or sentence pursuant to Section 2241, when his case triggers application of the "savings clause" in Section 2255(e). This occurs when the remedy under Section 2255 is inadequate or ineffective to test the legality of his

---

[3] All unknown respondents are "unknown insurance/bonding/indemnity . . . provider[s]" for officials at FCI-Greenville. These officials include Werlich, Ms. Thompson, Captain Patterson, Rosalin Robinson, Mr. Morris, and Mr. McCarmick. (Doc. 1, p. 1).

4

detention. *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998).[4] Notably, however, Section 2255 is not considered inadequate or ineffective simply because a petitioner's collateral attack is unsuccessful. Likewise, a petition cannot use Section 2241 to appeal the denial of a Section 2255 motion. Hellems is using Section 2241 for this purpose. The Section 2241 Petition does not survive screening and shall be dismissed with prejudice.

**B.     Section 1983 or *Bivens***

Section 2241 cannot be used to challenge the conditions of confinement at FCI-Greenville. Claims of this nature may be brought against state officials pursuant to 42 U.S.C. § 1983 and against federal officials pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). If Hellems wishes to pursue these conditions-of-confinement claims in a separate action, he is free to do so. Because his claims are against federal officials, Hellems may file a complaint pursuant to 28 U.S.C. § 1331 and *Bivens*. But the Court cannot convert this matter to a *Bivens* action for him because doing so may lead to unfavorable consequences under the Prison Litigation Reform Act. *See Bunn v. Conley*, 309 F.3d 1002, 1007 (7th Cir. 2002) (discussing consequences that include a higher filing fee and the risk of receiving a "strike" under 28 U.S.C. § 1915(g)). Further, Hellems clearly stated that he intends to pursue relief under Section 2241. (Doc. 5). For these reasons, the Court will not re-characterize the instant habeas petition as a complaint brought pursuant to *Bivens* and also takes no position regarding the ultimate merits of those claims.

---

[4] Following *Davenport*, a petitioner must satisfy three conditions in order to trigger the savings clause: (1) he must demonstrate that he relies on a new statutory interpretation case and not a constitutional case; (2) he must demonstrate that he relies on a decision that he could not have invoked in his first Section 2255 motion and that case must apply retroactively; and (3) he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *See Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013).

**Disposition**

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED** with prejudice. To the extent Hellems seeks a writ of mandamus or relief available under 28 U.S.C. § 1331 or *Bivens*, both requests are **DISMISSED** without prejudice to any separate action he wishes to bring.

If Petitioner wishes to appeal this dismissal, he may file a notice of appeal with this Court within sixty (60) days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If he does choose to appeal and is allowed to proceed IFP, Petitioner will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. It is not necessary for Petitioner to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED**.

**DATED: 6/25/2019**

*[signature]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**